NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHNSON & JOHNSON VISION CARE, INC.,**
*Plaintiff-Appellant,*

v.

**CIBA VISION CORPORATION,**
*Defendant-Appellee.*

---

2010-1082

---

Appeal from the United States District Court for the Middle District of Florida in consolidated case nos. 05-CV-0135 and 06-CV-0301, Judge Timothy J. Corrigan.

---

**JOHNSON & JOHNSON VISION CARE, INC.,**
*Plaintiff-Cross Appellant,*

v.

**CIBA VISION CORPORATION,**
*Defendant-Appellant.*

---

2010-1372, -1388

---

Appeals from the United States District Court for the Middle District of Florida in consolidated case nos. 05-CV-0135 and 06-CV-0301, Judge Timothy J. Corrigan.

---

## ON MOTION

---

Before LOURIE, *Circuit Judge.*

### O R D E R

CIBA Vision Corporation moves to treat 2010-1082 and 2010-1372, -1388 as companion cases for purposes of oral argument. Johnson & Johnson Vision Care, Inc. opposes and moves to deconsolidate 2010-1372 and 2010-1388 and stay proceedings in 2010-1388. CIBA replies. Johnson & Johnson moves for a 30-day extension of time, until October 13, 2010, to file its brief in 2010-1372, -1388. CIBA opposes. Johnson & Johnson replies. The court considers whether Johnson & Johnson should be directed to show cause why 2010-1388 should not be dismissed for lack of jurisdiction.

The parties state that appeal 2010-1082 is Johnson & Johnson's appeal of the judgment pursuant to Fed. R. Civ. P. 54(b) entered by the United States District Court for the Middle District of Florida, and appeal 2010-1372 is CIBA's appeal of the district court's denial of its motion for a permanent injunction. Appeal 2010-1388 is Johnson & Johnson's appeal of various interlocutory rulings of the district court. Johnson & Johnson and CIBA both assert that this court has jurisdiction over 2010-1388 pursuant to 28 U.S.C. § 1292(c)(2).

Section 1292(c)(2) provides this court with jurisdiction "of an appeal from a judgment in a civil action for patent infringement [that is] final except for an accounting." In

this case, other than the Rule 54(b) judgment entered by the district court of which Johnson & Johnson seeks review in 2010-1082, the district court has not yet entered judgment. Thus, even if the district court has ruled on all matters other than damages, section 1292(c)(2) does not provide this court with jurisdiction because judgment has not been entered.

The court agrees with CIBA that 2010-1082 and 2010-1372 should be treated as companion cases, i.e., the appeals will be briefed separately and argued before the same merits panel.

Accordingly,

IT IS ORDERED THAT:

(1) CIBA's motion to have 2010-1082 and 2010-1372 treated as companion cases is granted.

(2) Johnson & Johnson's motions are held in abeyance.

(3) Johnson & Johnson is directed to respond within 14 days of the date of filing of this order why 2010-1388 should not be dismissed for lack of jurisdiction. CIBA may also respond within that time.

(4) The briefing schedule is stayed.

FOR THE COURT

**SEP 0 9 2010**
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk



FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP 0 9 2010

JAN HORBALY
CLERK

cc: Harry J. Roper, Esq.
    Thomas P. Steindler, Esq.

s17